GEORGE E. COMBS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BETTY C. COMBS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Combs v. Commissioner
Docket Nos. 4476-77, 7905-77.
United States Tax Court
T.C. Memo 1979-330; 1979 Tax Ct. Memo LEXIS 196; 38 T.C.M. (CCH) 1271; T.C.M. (RIA) 79330; August 22, 1979, Filed *196 Respondent disallowed dependency exemptions for Tammy, Todd and Timothy Combs on both Betty C. Combs' and George Combs' Federal income tax returns for 1974. In addition, respondent disallowed $1,838 of a $2,080 deduction for child care expenses taken on Betty C. Combs' 1974 Federal income tax return. Held: Betty C. Combs is entitled to dependency exemptions for Tammy, Todd and Timothy Combs for 1974. Heldfurther: Betty C. Combs is entitled to a child care expense deduction for 1974 in the amount of $562. George E. Combs and Betty C. Combs, pro se. Diane Lynn Fox, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in petitioners' income taxes for the taxable *197 year 1974 as follows: Docket No.
Petitioner
Deficiency
4476-77
George E. Combs
$592.60
7905-77
Betty C. Combs
750.08
The questions presented for our consideration in these consolidated cases are: (1) which petitioner is entitled to the dependency exemptions for the taxable year 1974 for each of their children Tammy, Todd and Timothy Combs as claimed by each of the petitioners on their income tax returns, and (2) whether petitioner, Betty C. Combs, is entitled to a child care expense deduction in the amount of $2,080 for expenses allegedly incurred by her in 1974 for the care of Tammy, Todd and Timothy Combs. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, in docket No. 4476-77, George E. Combs (hereafter George), timely filed his 1974 Federal income tax return with the Internal Revenue Service Center in Memphis, Tennessee. George's residence at the time he filed his petition herein was in Indianapolis, Indiana. Petitioner, in docket No. 7905-77, Betty C. Combs (hereafter Betty), timely filed here 1974 Federal *198 income tax return with the Internal Revenue Service District Office in Louisville, Kentucky. Betty's residence at the time she filed her petition herein was in Sheridan, Indiana. George and Betty are the natural parents of Tammy, Todd and Timothy Combs. George and Betty were granted a divorce by the Circuit Court of Marion County in Indianapolis, Indiana on November 21, 1969. The divorce decree granted custody of the three children to Betty.Tammy, Todd and Timothy's ages at the time of the divorce were 10, 8 and 5 years old, respectively. The divorce decree required George to pay $52.50 per week for the support of the children; it also required him to provide medical insurance for the three children. The divorce decree did not state, however, which parent is entitled to claim Tammy, Todd and Timothy as dependents for Federal income tax purposes. On August 9, 1973, George's child support payments for the three children were reduced from $60 to $40 per week. [1] At this time, Betty was granted the right to remove the children from the state of Indiana to Vicksburg, Mississippi. During the months of January 1974 through September 1974, Betty and the children lived in Vicksburg, *199 Mississippi. From October 1974 through December 1974, Betty and the children lived in Louisville, Kentucky. Betty's grandmother lived with her and the children in Louisville during November and December of 1974. In 1974, Betty had custody of Timothy all year except for three weeks, of Tammy all year except for two weeks, and of Todd all year except for one week when the children visited George. In 1974, George paid $2,080 to the Clerk of the Marion Circuit Court for the support of his children. The Clerk paid this amount received from George to Betty. George paid no support for the children other than the amounts paid to the Clerk of the Marion Circuit Court. During 1974, George made no gifts to his three children. In 1974, Betty spent the following amounts for the support of her children: Group I [2]
*200 Food $ 485.06
Furniture
92.69
Utilities
606.80
House payments in Vicksburg
1,549.69
Rent in Louisville
409.65
T.V. repair and flowers
59.28
Local telephone service
92.50
Shoes, clothes, cosmetics,
linen & sleeping bags
406.70
Motel room in Florida
24.00
Group II [3]
Child care expenses
562.00
Florida vacation airfare
338.19
Books and records
62.13
School supplies
18.74
Minibike payment
700.00
Long distance telephone calls
27.47
Total
$5,434.90
Group III [4]
Tammy
Todd
Timothy
Medical expenses
$158.20
$13.00
$15.00
Neurological test
110.00
Gifts and hobbies
92.11
33.66
43.37
Total
$360.31
$46.66
$58.37
*201 On his 1974 Federal income tax return, George claimed as dependent children Tammy, Timothy and Todd. On her 1974 Federal income tax return, Betty claimed as dependent children Tammy, Timothy and Todd. Betty also claimed $2,080 as a child care expense deduction. Betty's child care expenses consisted of payments to baby sitters which she employed during 9 months of 1974. Respondent disallowed all but $242 of this amount for lack of substantiation. Statutory notices of deficiency were issued to both Betty and George by the District Director of Internal Revenue at Indianapolis, Indians on April 25, 1977. In the notices of deficiency, respondent denied the exemptions to both Betty and George. On brief, however, respondent took the position that Betty was entitled to the exemptions. OPINION The questions presented for our consideration are which of petitioners is entitled to the dependency exemptions, and whether petitioner, Betty Combs, is entitled to a child care expense deduction in the amount of $2,080. We will examine each of these questions in turn. Dependency Exemption
Section 152(e) [5] provides that in cases of divorce, where the non-custodial parent provides *202 $1,200 or more per year for the support of the children of the former marriage, it is presumed that the non-custodial parent provided more than half the support for the children, and is entitled to claim the children as an exemption on his or her Federal income tax return. The parent having custody, however, can rebut this presumption by establishing that he or she provided more for the support of the children than did the parent not having custody. The burden of proof in rebutting the presumption rests on the parent having custody. It has been established that George paid $2,080 to the Clerk of the Marion Circuit Court, and that this amount was paid to Betty for the support of the three children. A statutory presumption arises, therefore, which, unless rebutted, concludes that George provided more than half the support for the children. Betty testified and introduced into evidence cancelled checks which establish that her expenses in 1974 for the support of her three children were $5,900.23. [6] This amount is more than double the amount contributed by George *203 for the support of the children. Betty has sustained her burden of proof in overcoming the presumption favoring George. Betty, therefore, is entitled to the exemption for Tammy, Timothy and Todd Combs. Child Care Expense Deduction
Section 214 allows a taxpayer to claim as a deduction expenses incurred by the taxpayer for the care of certain qualified individuals, including dependent children, to enable the taxpayer to be gainfully employed. Section 1.214A-1(e), Income Tax Regs., requires that the taxpayer claiming a deduction under section 214 substantiate the expenses "by adequate records or other sufficient evidence." The only issue presented here is whether Betty has substantiated expenses in the amount claimed. Betty has introduced into evidence cancelled checks to substantiate her claim that her child care expenses totaled $2,080. The checks, however, total only $572. Of this amount, $102 was made payable to named individuals, $10 was made payable to the Admiral Bonbow Inn, $30 was made payable to the Magnolia Motor Hotel, $110 was made payable to Delta Airlines and $320 was made payable to cash. Respondent allowed as a *204 deduction the amounts made payable to the named individuals, Delta Airlines and the Magnolia Hotel. Betty stated that the checks made payable to cash were used to pay baby sitters who were reluctant to accept her personal check. We find Betty's testimony to be credible. We find that, in addition to the amounts conceded by respondent, the checks made payable to cash were used to pay for baby sitters. Betty, however, did not testify regarding the $10 check made payable to the Admiral Bonbow Inn. We find that there is insufficient evidence to support a finding that this check was used to pay for baby sitters. The amount properly deductible by Betty for child care expenses during 1974, therefore, is $562. Decision will be entered for respondent in docket No. 4476-77.
Decision will be entered under Rule 155 in docket No. 7905-77. Footnotes
1. Respondent and petitioners stipulate that the support payments were so reduced on August 9, 1973. It is not made clear, however, how the amount of the payments increased from the initial $52.50 per week to $60 per week owing in August 1973.↩
2. The expenses listed as being spent for the support of the children in Group I are calculated by taking a percentage of the total amount spent by Betty in each category. Three-fourths of those expenses incurred while Betty lived alone with her three children are treated as support expenses, and three-fifths of the expenses incurred while Betty and her grandmother were living with the three children are support expenses. As such, one-third of the support expenses listed can be attributed to each child. Three-fifths of the cost for the Florida motel room shared by Betty, the three children and Maggie Horn (unidentified) is treated as an expense for the support of the children.↩
3. One-third of the expenses in each category of Group II can be treated as being spent for the support of each child. Betty testified that she spent approximately $700 for minibikes for the children. Although exhibit 19 shows only a $50 payment made on this account on January 2, 1974, respondent has conceded that Betty paid the $700.↩
4. The total amount spent for the support of each child, therefore is: Tammy
$2,171.94
Todd
1,858.29
Timothy
1,870.00
(One-third the total from Groups I and II plus the appropriate figure from Group III)↩
5. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.↩
6. See footnotes 2-4, supra↩.